MEJÍA ET AL., PLAINTIFFS AND APPELLEES *v.* SUÁREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in Injunction Proceedings for the Recovery of Possession.

No. 1853.—Decided April 24, 1919.

INJUNCTION—POSSESSION.—In order to maintain an action for an injunction to recover the possession of a property, it is necessary that the plaintiff identify the property whose possession is claimed in such a way that the officer of the court may be able to deliver it without difficulty.

The facts are stated in the opinion.

*Mr. José C. Ramos* for the appellants.

*Mr. Celestino Domínguez Rubio* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Salustiano, Juan and Petronila Mejía filed an injunction proceeding in the District Court of Guayama against Pelegrín, Modesto and Rafael Suárez and Severiano Santiago to recover the possession of real property, alleging that for four months prior to the filing of the complaint they were the common owners of a property of sixteen acres of land in the ward of Cuyón of the municipality of Aibonito, the property being described; that they acquired the property by purchase on December 26, 1916, and took physical possession of it on that date; that they held such possession of the property until October 19, 1917, when the defendants, by violence, threats and force, entered upon the property and took possession of a parcel thereof which is described as follows:

"Parcel of land of four acres, more or less, which formed part of the principal property, bounded on the north by lands of María Mercedes Mejía; on the south by lands of Juan González; on the east by lands of Pelegrín Suárez, Luz María Suárez and Celestino Rolón, and on the west by the remainder of the principal property."

The facts alleged in the complaint were denied by the defendants, and as new matter they alleged that the boundaries of the four acres described in the complaint were incor-

rect; that the said parcel of land is really bounded on the north by the land of Antonio Rolón; on the south and west by lands of Severiano, Paulina and María Mercedes Santiago, and on the east by the land of Celestino Rolón, and that the said piece of land belongs to the minor children of María González, widow of Miguel Santiago, and others, who purchased it from María Mercedes Mejía and had been in possession of it for more than one year.

After the trial judgment was rendered that the plaintiffs recover the possession of a parcel of four acres of land in the said ward, bounded on the north by the land of María Mercedes Mejía; on the south by the land of Juan González Colón; on the east by the lands of Luz María Suárez, Pelegrín Suárez and Celestino Rolón, and on the west by the land of Pelegrín Suárez, the said parcel lying adjacent to the dividing line of the property of twelve acres belonging to the defendants. The judgment further ordered that the defendants be warned to abstain in the future from committing any act tending to disturb the plaintiffs in their possession of the said property, under the penalty of contempt, except such legal remedy as they might exercise to determine the ownership of the said property, with the costs and disbursements.

The defendants appealed from that judgment on the main ground that the judgment is contrary to the evidence examined at the trial, because plaintiff Salustiano Mejía acknowledged in his testimony that they had never taken possession of the property ordered to be returned to the plaintiffs and because it has been impossible to identify the said property, which is described in the judgment with boundaries different from those given in the complaint.

The plaintiffs offered in evidence at the trial a public deed reciting that on December 26, 1916, María Mercedes Mejía, declaring that she was the owner of a property of forty-five acres of land and that, on the same day, she had segregated from it a parcel of thirteen acres and sold it to Juan González Colón, segregated another parcel of sixteen

acres therefrom and sold the same to the plaintiffs. They also introduced oral evidence consisting of the testimony of plaintiff Salustiano Mejía, Justo Avilés and Emérito Rodríguez. The defendants also introduced oral evidence.

Having examined the evidence as a whole, we conclude that María Mercedes Mejía was the owner of a property said to contain forty-five acres of land on which she had lived with several legitimate children and their heirs, with Juan González, as his concubine, and with several natural children; that she sold thirteen acres of the property to Juan González, sixteen acres to her legitimate children, of which four were for María González, widow of her son Miguel Santiago, and the remaining sixteen acres to the plaintiffs, who are her natural children; that Juan González had his thirteen acres surveyed and the defendants had their sixteen acres surveyed, but the survey was not continued because there remained only about nine acres instead of sixteen. The segregations from the property were not delivered by the vendor by metes and bounds.

In view of this it is very doubtful from the evidence whether the plaintiffs actually took possession of the sixteen acres as stated in the deed, inasmuch as plaintiff Salustiano Mejía himself testified that the boundaries of the sixteen acres of the plaintiffs were not determined, for on cross-examination by counsel for the plaintiffs he said that the property could not be delivered to the plaintiffs because the defendants "had taken the lion's share." The knowledge of their other two witnesses, especially that of Justo Avilés, regarding the possession of the sixteen acres and particularly of the four acres involved in this action, is based on the existence of the deed of purchase and sale. Therefore, it is very doubtful whether the plaintiffs, on October 19, 1917, were actually in possession of the four acres which they claim to have held as part of the sixteen acres purchased from María Mercedes Mejía.

But the principal question in this action is whether the

four acres of land in controversy are identified in such a way that the officer of the court may be able to execute the judgment ordering the return to the plaintiffs of four acres of land.

The complaint describes the parcel of four acres more or less by boundaries; the judgment orders the restitution of four acres also by boundaries. From the testimony of the witnesses for the plaintiffs it cannot be ascertained whether the defendants really detained exactly four acres, for Salustiano Mejía as well as Justo Avilés and Emérito Rodríguez always speak of four acres, more or less, and the first says that according to his estimate the defendants took four acres, more or less, which he describes by boundaries, and we find nothing in the evidence to determine the exact situation of the four acres or the configuration of the parcel, for while the complaint gives as its western boundary the remainder of the principal property, undoubtedly referring to the sixteen acres of the plaintiffs, the property ordered to be returned by the judgment is bounded on that side by the land of Pelegrín Suárez and not by the said principal property, which discrepancy the appellees admit, claiming that it may be corrected by this court. Furthermore, it is to be observed that plaintiff Salustiano Mejía himself gave as the western boundary of the four acres the lands of Pelegrín Suárez and Severiano Santiago, while Justo Avilés mentions as adjoining owners on the west Pelegrín, Severiano, Luz María Suárez and Celestino Rolón, and the other witness, Emérito Rodríguez, after testifying that on the east it is bounded by lands of Pelegrín Suárez, Luz María Suárez and Celestino Rolón, adds, "and on the west by the same," from which it seems that these are also the adjoining owners on the west.

This confusion in the boundaries of the parcel of land sought to be recovered shows how difficult it is to identify the parcel to be restored, and even admitting that the correct boundaries are those given in the judgment and also

that the western boundary is incorrect and that the property is bounded on this side by the remainder of the sixteen acres belonging to the plaintiffs, we are of the opinion that the parcel of four acres has not been identified in such a way that the officer of the court may be able to deliver it to the plaintiffs. We can not see how the said officer could proceed to execute the judgment. unless he made an investigation, which is not incumbent upon him, as to the point or line where the said four acres begin and end by the four cardinal points. This is sufficient, we feel, to justify a reversal of the judgment for the reason that the plaintiffs have not clearly identified the property for the restitution of which they pray as formerly possessed by them.

Perhaps in a new trial the defects in the evidence can be corrected.

For the foregoing reasons the judgment must be

*Reversed without prejudice.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.